10594.

LEE vs. CITY TRANSFER AND BAGGAGE CO. *ET AL.*

(106 S. E. 506)

1.   CARRIERS—LAW OF AGENCY PROPERLY CHARGED IN ACTION FOR LOSS
     OF SUIT CASE.—In an action against a transfer and baggage company
     for loss of a suit case, call for which was taken by the baggage
     company's agent, its co-defendant, the trial Court properly charged
     the law of agency, and explained how the relationship of principal
     and agent may be created; the evidence and issues making it nec-
     essary.

2.   APPEAL AND ERROR—ATTORNEYS UNDER DUTY TO CALL COURT'S
     ATTENTION TO ERROR IN MISSTATING ISSUES.—If the trial court com-
     mitted an error in misstating the issues raised by the pleadings to
     the jury, it was the duty of the attorneys to call his attention to
     such error.

Before WHALEY, J.; County Court, Richland.   Affirmed.

Action by Mrs. C. M. Lee against the City Transfer and
Baggage Co. and Walter Wise for loss of baggage.   From
judgment for plaintiff the first named defendant appeals

*Messrs. Alfred Wallace, Jr., and J. Hughes Cooper,* for
appellant, cite:   *Estoppel of principal to deny agency can
only arise after knowledge*: 31 Cyc. 1242, 1237.   *Liability
will be predicated upon a previous authorization or a subse-
quent ratification*:   20 Mo. App.   577.   *Estoppel arises
when principal voluntarily placed the agent in a position to
deceive third parties*:   21 R. C. L. 903, Sec. 79; Ib. 907;
1 Strob. 203.

*Mr. Jas. H. Hammond,* for respondent, cites: *Appellant's
attorney should have called the Judge's attention to error
in his charges*:   97 S. C. 116; 86 S. C. 8.   *Estoppel of
principal to deny agency*: 2 C. J. 461.   *Error in charge was
to the benefit of the defendant and was proper, as carrier
is insurer of baggage*: 39 S. C. 55.

March 25, 1921.

The opinion of the Court was delivered by Mr. JUSTICE WATTS.

This' was an action by plaintiff against defendants for loss of suit case, the defendar* Wise defaulted, and the City Transfer and Baggage Company answered and contested.    The case was heard by Hon. M. S. Whaley, County Judge, and a jury, and a verdict rendered in favor of the plaintiff.  ' Wise did not appear and   testify.   The   issue raised by the other defendant was that Wise was not their agent, and that Wise took the notice of call from their desk without their knowledge, and answered the call without their knowledge or authority.   After entry of judgment defendant appeals and takes four. exceptions, but on the hearing of the case abandoned the fourth exception.    All three of the exceptions complain of error in the Judge's charge.    No motion was made in the trial below for nonsuit or directed verdict, so the only·question to be determined was whether or not the Judge erred in his charge.

The first and second exceptions are overruled. His Honor committed no error in charging the law of agency, 1 . and explaining how the relationship of principal and agent may be created; the evidence and issues made in the case made it necessary that his Honor should elucidate this.    The complaint alleged such facts that the inference could be drawn that Wise was the agent of the appellant, and from the evidence offered at trial that inference could be inferred and the real question in the case was, Was Wise the agent of appellant for the purpose of transporting the plaintiff to the depot?    and not whether Wise was the gen-. eral agent of the appellant, or how he was appointed.

If his Honor committed an error in misstating the issues raised by the pleadings to the jury it was the duty of 2   attorneys to call his attention to such error. We see no merit in any of the exceptions as made.    Under the

undisputed facts of the case the plaintiff was clearly entitled to a verdict, and the appellants got a trial that was free from error on the part of the trial Judge. All exceptions are overruled, and judgment affirmed.

MR. CHIEF JUSTICE GARY and MR. JUSTICE FRASER, concur.

Mr. JUSTICE COTHRAN: I concur in the result upon this ground: The complaint was plainly demurrable; it did not allege that the defendant received the baggage for transfer; it did not allege that the defendant, Wise, who actually received it, was the agent of the transfer company; it did not allege that the transfer company by its negligence permitted Wise to represent himself as the agent of the transfer company; it simply alleged that the transfer company had agreed to transfer the baggage, and that Wise had called for it, representing himself as the agent of the transfer company, and that in the movement Wise had lost the baggage:

The defendant not having demurred to the complaint, not having made a motion to require the complaint to be made more definite, and not having objected to testimony along both lines (that Wise was the agent of the transfer company, and that the latter was negligent in allowing him to represent himself as their agent,) is not in a position now to object to the testimony or charge of the Court upon either theory. Both of these issues were fairly presented to the jury in the Circuit Judge's charge, without objection on the part of the defendant, and with the finding of the jury we are not concerned.